# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

KATHERINE DEE FLETCHER,

    Plaintiff,

  v.

GOV. ENTITIES,

    Defendants.

Case No. 2:24-cv-00577-JAD-BNW

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remove Jasmine Romero. ECF No. 18. Plaintiff asks the Court to prevent Ms. Romero from handling her legal documents and court emails because she alleges that Ms. Romero has been stealing and tampering with her materials. *Id.* at 1. Instead, Plaintiff asks the Court to appoint the Law Library Supervisor to handle all her legal correspondence. *Id.*

The Court construes this as a motion for preliminary injunctive relief. Because Plaintiff has not yet filed a complaint that contains a cognizable claim and she seeks injunctive relief against a nonparty for whom the Court has no jurisdiction, it recommends that Plaintiff's Motion be denied.

**I.    BACKGROUND**

Plaintiff filed an application to proceed *in forma pauperis* in March 2024. ECF No. 1. The Court attempted to screen her complaint, but explained to Plaintiff that it could not determine which claims she was alleging against which defendants given the complaint's length and format. ECF No. 5 at 2. The complaint lists numerous government entities as defendants, but does not specify each of their involvement, as her 33-page complaint contains only one cause of action for "Torture." *See* ECF No. 1-1. The Court dismissed her complaint with leave to amend and provided Plaintiff with instructions for amendment. ECF No. 5 at 2–4.

Plaintiff's amended complaint suffers from many of the same defects: its is 28 pages, it names many government entities as defendants in a bulleted list but does not identify their

1  involvement, it broadly alleges violations of law but in abstract terms such as "evil," and it
2  contains only one cause of action for "Torture" that spans over 13 years. *See* ECF No. 16. Thus,
3  the Court once again screened and dismissed Plaintiff's amended complaint but instructed her on
4  how she may amend her claims. ECF No. 17. Her deadline to file a second amended complaint
5  has not yet passed. *See id.*

6  **II.    ANALYSIS**

7        The purpose of a preliminary injunction is to preserve the status quo if the balance of
8  equities so heavily favors the moving party that justice requires the court to intervene to secure
9  the positions until the merits of the action are ultimately determined. *University of Texas v.*
10 *Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who
11 "demonstrates either (1) a combination of probable success and the possibility of irreparable
12 harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
13 *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). Under either
14 approach, the plaintiff "must demonstrate a significant threat of irreparable injury" and an
15 injunction should not issue if the plaintiff "shows no chance of success on the merits." *Id.* At a
16 bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions
17 serious enough to require litigation." *Id.*

18       "A federal court may issue an injunction if it has personal jurisdiction over the parties and
19 subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons
20 not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th
21 Cir.1985). "Before a federal court may exercise personal jurisdiction over a defendant, the
22 procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v.*
23 *Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

24       Plaintiff's complaint has not survived screening under 28 U.S.C. § 1915A. Plaintiff
25 therefore is not entitled to preliminary injunctive relief until the Court finds that her complaint
26 contains cognizable claims against the named defendants, and the named defendants have been
27 served with the summons and complaint. *Cataldo v. Yates*, 2007 WL 1100516, at *1 (E.D. Cal.
28 Apr. 11, 2007). At this juncture, Plaintiff's motion for preliminary injunctive relief is premature.

*Id.* The Court cautions Plaintiff that any further motions for preliminary injunctive relief that are filed before her complaint has survived screening will also be denied as premature.

      Plaintiff's Motion also seeks a court order preventing Ms. Romero, a nonparty, from handling her legal materials. ECF No. 18 at 1. The Court is unable to issue an order against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). Plaintiff's Motion fails to link any alleged conduct or harm to a party named in this action: Jasmine Romero is not a defendant, and Plaintiff's complaint does not contain a claim for similar permanent injunctive relief as her previously dismissed complaints only allege "Torture." *See* ECF Nos. 1-1, 16. Because a federal court is a court of limited jurisdiction, as a threshold matter, the Court must have before it a case or controversy. *Flast v. Cohen*, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the Court has no power to hear the matter. *Rivera v. Freeman*, 469 F.2d 1159, 1162–63 (9th Cir.1972).

### III.    CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion (ECF No. 18) is **DENIED**.

DATED this 3rd day of July 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE